IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACEY MASSEY, | ) |
|       Plaintiff, | ) ) ) ) JURY TRIAL DEMANDED |
| v. | ) ) |
| CITY OF CHICAGO, an Illinois Municipal corporation, and JASON DAVIS (Star No. 15630) and GABRIEL GARCIA (Star No. 17602) Chicago Police Officers, | ) ) ) ) ) ) |
|       Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TRACEY MASSEY by and through his attorneys of DVORAK LAW OFFICES, LLC and complains against Defendants CITY OF CHICAGO, JASON DAVIS, and GABRIEL GARCIA, stating as follows:

JURISDICTION AND VENUE

1. The incident stems from events that first took place on or about November 8, 2020, and thereafter, in the City of Chicago, in Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

1

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within the district.

PARTIES

4. The Plaintiff was, at all times relevant to his claims, a resident of Chicago, Illinois in the County of Cook.

5. Defendant Officers Davis and Garcia ("the Defendant Officers") were, at all times relevant to this Complaint, sworn police officers working under color of law, and within the course and scope of their duties as employees of the Defendant City of Chicago and its police department.

6. The City of Chicago is the indemnifying agent for the actions of Davis and Garcia in this case.

FACTS

7. On or about November 8, 2020, Chicago Police personnel lead by reporting officer Defendant Garcia and search-warrant-complainant/affiant Defendant Davis, conducted a search of the Plaintiff's home at 6332 S. Winchester in Chicago, Illinois.

8. This search was conducted pursuant to a legally insufficient warrant that was obtained in violation of the Plaintiff's constitutional rights under the Fourth Amendment (incorporated against the states and their municipalities *via* the Fourteenth Amendment) to be secure in their persons, house, papers,

and effects – including but not limited to the Plaintiff's rights under *Franks v. Delaware*, 438 U.S. 154 (1978), and its progeny.

9. Specifically, Defendant Davis knew that the information presented to the judge to obtain the warrant was false and/or was presented in reckless disregard for the truth and/or alternatively, that the J. Doe informant-witness whose information supported the search was unreliable and/or fictious.

10. More specifically, contrary to Defendant Davis' sworn statement in his complaint for search warrant, Defendant Davis knew that the alleged John Doe witness on whose information the warrant was either fictional and/or that he had never appeared before the judge who issued the warrant and had never sworn to any of the facts in the complaint for the search warrant.

11. Moreover, Defendants Davis and Garcia knew they did not have probable cause to seize a bag of flour they knew was flour and represent to prosecutors that this was heroin, causing him to be charged with a Class X felony and his bond to be outrageously high.

12. Specifically, the Plaintiff repeatedly told the officers during the search of his home that the bag in question contained flour, not heroin or some other drug, and it was obvious to anyone, much less a trained officer, that this was just flour.

13. Additionally, the Defendants Officers are alleged to have found firearms and cannabis in the home, however, the Plaintiff is not contending there was a lack of probable cause for those charges.

14. The Plaintiff is, however, claiming that there would not have been a legal basis to charge the Plaintiff with any of the evidence alleged to be found in his home were it not for Defendant Davis obtaining a fraudulent search warrant.

15. The inclusion of the narcotics charges related to the alleged heroin (in reality, flour) caused the judge at the Plaintiff's bond hearing to set the Plaintiff's bond at $114,000 cash, which the Plaintiff could not afford to pay.

16. Consequently, the Plaintiff remained in pre-trial custody from November 8, 2020 until December 23, 2020 when the court was informed that the seized flour (supposedly amounting to $69,000 in street value) tested negative for any scheduled substance.

17. The Plaintiff's bail was therefore reduced to a $60,000 D bond, allowing him to post $6,000 and secure his release on December 23, 2020.

18. The remaining charges were dismissed on May 3, 2022.

19. Specifically, the charges against the Plaintiff were dismissed after Defendant Davis admitted to Cook County Assistant State's Attorneys Mitrovic and Cannatello in the hallway of Room 704 on March 17, 2022 that the search warrant was false because, contrary to his sworn testimony, the alleged John Doe did not appear before the judge on November 8, 2020.

20. This admission of submitting a false search warrant caused the prosecutors to dismiss all charges against the Plaintiff.

21. As a result of the actions of Defendants Davis and Garcia, the Plaintiff experienced a loss of liberty, restriction of movement when released on bond, as well as a physical, emotional, and pecuniary/professional/monetary injuries.

### COUNT I – UNLAWFUL SEARCH AND SEIZURE – OBTAINING A FALSE SEARCH WARRANT & FAILURE TO INTERVENE
### (42 U.S.C. § 1983)
### Plaintiff v. Davis

22. Each of the paragraphs of this Complaint is incorporated herein.

23. The Plaintiff brings a 42 U.S.C.§ 1983 claim against Defendants Davis for knowingly obtaining a fraudulent search warrant then executing this fraudulent search warrant thereafter on the same date.

24. The result of these actions were damages to the Plaintiff, not only for the time period the Plaintiff suffered damages before alleged contraband was found in the Plaintiff's home, but also for proximately causing the Plaintiff to be prosecuted for felony charges that were brought against the Plaintiff as the proximate cause of Defendant Davis' actions.

25. To the extent that other Chicago Police Officers authorized, approved or condoned the Defendant's actions, Defendant Davis had the and duty to prevent any of these officers from violating the Plaintiff's constitutional rights, and yet he failed to intervene to prevent this from happening, proximately causing the Plaintiff's damages.

26.

## COUNT II – FOURTH AMENDMENT *MANUEL* CLAIM/FOURTH AMENDMENT FEDERAL MALICIOUS PROSECUTION CLAIM & FAILURE TO INTERVENE
## (42 U.S.C. § 1983)
## Plaintiff v. Davis and Garcia

27. Each of the paragraphs of this Complaint is incorporated herein.

28. The Defendant Officers knew that the substance in the Plaintiff's kitchen was flour, nevertheless they caused him to be charged with narcotics offenses commensurate with an estimated $69,000 worth of heroin (alleged to be 278.5 grams), causing the Plaintiff damages and prolonging his period of detention in the Cook County Jail.

29. To the extent that other Chicago Police Officers condoned the Defendants' actions and/or caused or helped cause the Plaintiff to be charged with heroin possession/intent to deliver, the Defendant Officers each had the duty, opportunity, and authority to prevent other officers, including each other, from violating the Plaintiff's rights, nevertheless they failed to do so, proximately causing the Plaintiff's damages.

## COUNT III: State Indemnification Claim
## Plaintiff v. The City of Chicago

30. Upon information and belief, pursuant to state statute, the City of Chicago is the indemnifying entity for any judgment for compensatory damages entered against Defendants Davis and Garcia.

6

31. Therefore, the City of Chicago has a material interest in the outcome of this action, and is being sued for indemnification of any judgement, other than punitive damages.

## CONCLUSION

Therefore, for the reasons stated above, the Plaintiff seeks compensatory damages and punitive damages against Defendants Davis and Garcia, as well as costs and attorneys' fees, and any other relief that this Court may deem appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak
One of the Attorneys for the Plaintiff.

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com